IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY WAYNE MCVEY, JR.,

        Plaintiff,

vs.                                        Case No. 20-3052-SAC

THAD JONES,

        Defendant.

## O R D E R

Plaintiff has filed an amended complaint in response to the court's screening order at Doc. No. 6. The amended complaint is now before the court for screening. The court applies the screening standards set out at pp. 1-3 of Doc. No. 6.

The amended complaint alleges that on June 19, 2019, plaintiff was arrested by Lt. Thad Jones of the Geary County Sheriff's Department on an "NCIC warrant hit for [a] probation violation." Doc. No. 7, p. 2. Jones is the lone defendant in the amended complaint. Plaintiff alleges that defendant Jones seized plaintiff's iPhone and at some point answered a call to the iPhone. Plaintiff asserts that the iPhone has not been returned to him. He further claims that defendant Jones intimidated plaintiff's fiancé into giving Jones all of plaintiff's electronics without a warrant.

Answering a call

When screening a case pursuant to 28 U.S.C. § 1915 the court may dismiss a claim based on qualified immunity when the defense is obvious from the face of the complaint and no further factual record is required to be developed. Banks v. Geary County Dist. Court, 645 Fed.Appx. 713, 717 (10th Cir. 2016)(interior quotations omitted). Qualified immunity protects government officials from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. Weise v. Casper, 593 F.3d 1163, 1166 (10th Cir. 2010)(interior quotations omitted).

To be "clearly established," there must be an on-point Supreme Court or published Tenth Circuit decision or alternatively the clearly established weight of authority from other courts must support the law as maintained by plaintiff. Quinn v. Young, 780 F.3d 998, 1005 (10th Cir. 2015). Existing precedent must place the constitutional question beyond debate in a fashion which is particularized to the facts in the case before the court. Rife v. Jefferson, 742 Fed.Appx. 377, 381 (10th Cir. 2018)(citing Mullenix v. Luna, 136 S.Ct. 305, 308 (2015) and White v. Pauly, 137 S.Ct. 548, 552 (2017)).

The court is aware of no Supreme Court precedent or published Tenth Circuit decision which holds that a police officer may not answer a call to a phone which has been seized and is in police

custody. There may be a split of authority upon this issue among circuit courts. See U.S. v. Stiver, 9 F.3d 298, 302-03 (3rd Cir. 1993)(search warrant, broadly interpreted, gave authority to answer phone); U.S. v. Passarella, 788 F.2d 377, 380 (6th Cir. 1986)(no privacy interest in conversations one is not a part of); U.S. v. Vadino, 680 F.2d 1329, 1335 (11th Cir. 1982)(same); see also, U.S. v. De La Paz, 43 F.Supp.2d 370, 371-76 (S.D.N.Y. 1999)(reviewing cases, phone owner had a privacy interest but exigent circumstances justified answering phone prior to arraignment without obtaining a warrant); but see U.S. v. Lopez-Cruz, 730 F.3d 803, 809-11 (9th Cir. 2013)(answering call exceeded consent to search phone).

The court concludes that qualified immunity supports the dismissal of plaintiff's claim that his constitutional rights were violated when defendant Jones allegedly answered a call to plaintiff's iPhone.

### Possession of phone

The amended complaint states that defendant Jones still has plaintiff's phone. Plaintiff does not allege facts, however, which plausibly show that possession of the phone is illegal or contrary to the Constitution.

### Intimidation

Finally, plaintiff alleges that defendant intimidated plaintiff's fiancé into giving defendant Jones plaintiff's

3

electronics. This is a bald and conclusory accusation which is not buttressed with factual assertions demonstrating that defendant's conduct violated plaintiff's constitutional rights. The court is not able to and may not round out plaintiff's complaint with additional facts. Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The amended complaint as it stands fails to state a claim for relief. See Grady v. Garcia, 506 Fed.Appx. 812, 814 (10th Cir. 2013)(conclusory allegations of intimidation and fear not sufficient to establish an Eighth Amendment claim); Elliot v. Davies, 1994 WL 97067 *1 (10th Cir. 3/28/1994)(same); Sullivan v. Adventist Health Systems, 2019 WL 4034472 *6 (D.Kan. 8/27/2019)(conclusory allegations of intimidation and witness tampering fail to state a RICO claim); Weaver v. City of Topeka, 1993 WL 544568 *2 (D.Kan. 12/21/1993)(conclusory complaints of stalking, harassment and intimidation do not implicate constitutional rights).

Conclusion

For the above-stated reasons, plaintiff's amended complaint fails to state a claim for relief and shall be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 29th day of June, 2020, at Topeka, Kansas.

S/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

4